UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY RANG, FOR HERSELF & O/B/O
CHELSEA AUSTIN & AMANDA
AUSTIN, MINORS,

    Plaintiff,                                                   Civil Action No. 06-10236

v.                                                               HON. MARIANNE O. BATTANI
                                                                  U.S. District Judge
                                                                  HON. R. STEVEN WHALEN
COMMISSIONER OF SOCIAL                  U.S. Magistrate Judge
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Tammy Rang, for herself and on behalf of her children, minors Chelsea Austin and Amanda Austin, brings this action under 42 U.S.C. §405(g) challenging a final decision of Defendant Commissioner. Plaintiff contends that Chelsea and Amanda Austin, stepchildren of the deceased wage-earner, Rickey Rang, are entitled to Child's Insurance Benefits ("CIB") and their natural mother, Plaintiff Tammy Rang, is entitled to Mother's Insurance Benefits ("MIB") pursuant to 42 U.S.C. §§402(d)(1), 402(g). Both parties have filed summary judgment motions which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). I recommend that Defendant's Motion for Summary Judgment be GRANTED, and that Plaintiff's Motion for Summary Judgment be DENIED.

-1-

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed CIB and MIB applications on September 6, 2001 (Tr. 62-67). After being granted initially, the applications were denied after the deceased wage earner's former wife, Mary Wojtowicz, requested a reconsideration on behalf of the decedent's natural son, Brian Rang[1] (Tr. 102, 104-107, 112-113). On July 30, 2003, administrative law judge ("ALJ") Bennett S. Engelman presided at an administrative hearing held in Flint, Michigan (Tr. 350-89). Plaintiff, represented by attorney Ralph H. Dinse testified (Tr. 368-385). On Ocotber 9, 2003, ALJ Engelman found that Plaintiff's minor children were not entitled to benefits pursuant to 20 C.F.R. §§404.354, 404.357, which requires that the deceased wage earner contribute to one-half or more of the their support in the 12 months preceding his/her death (December 1999 through November 2000) (Tr. 276-281). The Appeals Council granted Plaintiff's request for a remand on the basis that although the "one-half or more" determination was regularly calculated using the 12-month period preceding death, the decedent had filed a bankruptcy petition in July, 2000 (Tr. 294-295). Pursuant to 20 C.F.R. §404.366(b), the Council noted that the period used for such a determination may be shortened from 12 months (to as little as three months) if during the 12-month time-frame, the deceased discontinued or reduced payment.

On February 10, 2005, ALJ Engelman issued a second opinion, finding that because the decedent maintained employment "in some capacity" through the month prior to his

---

[1] A finding that Plaintiff's children were entitled to CIB benefits would reduce Brian Rang's benefits.

death in December, 2000, the applicable period for calculating the "one-half or more" rule (December, 1999 through November, 2000) remained in effect (Tr. 45). The ALJ also found the existence of a *de facto* partnership between Plaintiff and decedent (Tr. 45, 48). On March 5, 2005, attorney Dinse asked ALJ Engelman to reconsider his decision, arguing that the administrative decision did not consider that benefits could be granted on the alternative basis that the stepchildren had been living with decedent wage earner at the time of his death (Tr. 35). On April 9, 2005, ALJ Engelman issued a supplemental determination, limited to the issue of whether the stepchildren were living with Rang at the time of his death (Tr. 32-34). The ALJ determined first, that the "living with" issue had been waived by Plaintiff's attorney and second, assuming for the sake of argument that the issue was not waived, that the stepchildren were living separately from Rang at the time of his death (Tr. 32-33).

On November 16, 2005, the Appeals Council denied review (Tr. 4-6). Plaintiff filed for judicial review of the final decision on January 18, 2006. Following a brief remand granted on the basis of a missing claim file [Docket #5] the district court reinstated the case on August 16, 2006 [Docket #7].

## II. STANDARD OF REVIEW

The district court reviews the final decision of the Commissioner to determine whether it is supported by substantial evidence. 42 U.S.C. §405(g); *Sherrill v. Secretary of Health and Human Services,* 757 F.2d 803, 804 (6th Cir. 1985). Substantial evidence is more than a scintilla but less that a preponderance. It is "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, S. Ct. 206, 83 L.Ed.126 (1938)). The standard of review is deferential and "presupposes that there is a 'zone of choice' within which decision makers can go either way, without interference from the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986)(en banc). In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." *Wages v. Secretary of Health & Human Services*, 755 F.2d 495, 497 (6th Cir. 1985). The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ. *Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989).

### III. ANALYSIS

**A. 20 C.F.R. § 404.366(b)(2)**

Plaintiff argues first that the ALJ's finding that decedent did not contribute to at least one-half of his stepchildren's support during the applicable time frame preceding his death stands unsupported by substantial evidence.[2] *Docket #17.* Citing, 20 C.F.R. § 404.366(b)(2),

---

[2]Plaintiff's original motion for summary judgment, submitted by her current attorney, Victor L. Galea, Sr., argued for a remand solely on the basis that the ALJ's determination that the deceased wage earner was not living with his stepchildren at the time of his death was not supported by substantial evidence. *Plaintiff's Motion for Summary Judgment* [Docket #12]. However, Defendant noted that both the ALJ's April, 2005 supplemental opinion and Plaintiff's Motion for Summary Judgment foundered on the erroneous assumption that benefits could be granted merely on the basis that the stepchildren were living with decedent. A 1996 amendment to the Social Security Act required *step*children

-4-

Plaintiff also submits that the ALJ erroneously used the period between December, 1999 and November, 2000 in making his "one-half or more" determination without considering the decedent's July, 2000 bankruptcy.

>20 C.F.R. § 404.366(b) provides in pertinent part:
>
>*One-half support*. The insured person provides one-half of your support if he or she makes regular contributions for your ordinary living costs; the amount of these contributions equals or exceeds one-half of your ordinary living costs; and any income (from sources other than the insured person) you have available for support purposes is one-half or less of your ordinary living costs. . . . . Ordinarily we consider a reasonable period to be the 12-month period immediately preceding the time when the one-half support requirement must be met under the rules in §§ 404.362(c)(1) and 404.363 (for child's benefits) . . ."
>
>*Id.* However, section 404.366(b)(2) states the circumstances in which a shorter time frame can be considered:
>
>"The insured provided one-half or more of your support for at least 3 months of the 12-month period, but was forced to stop or reduce contributions because of circumstances beyond his or her control, such as illness or unemployment, and no one else took over the responsibility for providing at least one-half of your support on a permanent basis. Any support you received from a public assistance program is not considered as a taking over of responsibility for your

---

of the deceased to establish dependency through the "at least one-half" rule. *Defendant's Motion for Summary Judgment* [Docket #15]; 42 U.S.C. §§402(d)(3)-(4), 416(e).

Plaintiff's response [Docket #17] concedes that relief is not available on the premise that the stepchildren lived with the decedent at the time of his death. Accordingly, he requests that the Court allow him to submit an alternative argument for benefits, pointing out that the ALJ also overlooked the present discrepancy between the amended statute and the regulation. 42 U.S.C. §§402(d)(3)-(4), 416(e); 20 C.F.R. §404.366(c). Falling back on the original argument for benefits, he now requests that the Court reject the ALJ's February 10, 2005 determination that the deceased wage earner did not contribute one-half or more of his stepchildren's support. I find that this argument is properly before the Court, and will be considered on its merits.

> support by someone else. Under these circumstances, a reasonable period is that part of the 12-month period before the insured was forced to reduce or stop providing at least one-half of your support."

*Id.*

Substantial evidence supports the ALJ's decision to calculate the decedent's contribution to his stepchildren's support based on the entire 12-month period leading up to his death.[3] The ALJ noted that despite the July, 2000 bankruptcy, decedent's retail establishment continued to operate until November, 2000 at the time of the bankruptcy discharge (Tr. 45). In addition to earnings generated by his store, the ALJ pointed out that the decedent earned $2198.95 from other sources from September through November, 2000 (Tr. 45). Plaintiff's testimony confirms that her late husband continued to work after they filed the July, 2000 bankruptcy until his December 3, 2000 death (Tr. 385).

Further, pursuant to 404.366(b)(2), the alternate contention that the July, 2000 bankruptcy reduced decedent's July through November, 2000 income below an earlier level which would demonstrate that he contributed to at least half of the stepchildren's care is contradicted by Plaintiff's acknowledgment that decedent "earned considerably less money

---

[3]The ALJ made the following calculation: Decedent's total 2000 income: $14,711.00 (Tr. 43). Plaintiff collected approximately $6144.00 from Supplemental Security Benefits (Tr. 43). The two children's natural father contributed $3,430.00 apiece to their upkeep (Tr. 44). However, as discussed further in Section **B**., the ALJ found that the decedent and his wife had a *de facto* partnership in his business. Hence, of the approximately $12,500 of decedent's 2000 income attributable to his business, the ALJ found that half should be credited to Plaintiff (Tr. 45-47). Even in the absence of a partnership, the ALJ noted that even if Plaintiff had worked only 30 hours each week (in fact she claimed 40) at the rate of five dollars per hour, her income for 2000 would exceed her husband's (Tr. 47).

-6-

in '99 than 2000" (Tr. 379). Although Plaintiff argues that the "one-half" figure should use an earlier portion of decedent's 2000 income, the income for 2000, as a whole, appears to be an amply generous estimation of the decedent's contribution.

## B. SSR 84-11

In addition to her contention that the ALJ made his "one-half" calculation employing the wrong time frame, Plaintiff argues that the ALJ's determination on this point is further tainted by his finding that she and her late husband were *de facto* business partners, leading to the erroneous conclusion that half of the decedent's reported income for 2000 was attributable to her. *Docket #17*. Plaintiff also argues that remand is appropriate on the basis that the ALJ did not discuss all four cases cited by SSR 84-11.

SSR 84-11 states in relevant part:

> "While an alleged change in a husband-wife business relationship may be merely a fabrication, it is quite possible that a couple may have actually operated their business as a partnership without recognizing that fact. The question of whether a partnership is real for income tax purposes depends on whether the parties in good faith and acting with a business purpose intend to join together in the present conduct of the enterprise. In many instances, this question can only be answered by a close scrutiny of their actions in carrying on the business. The failure of the spouses to file partnership tax returns does not necessarily mean that a partnership did not exist."

*Id*; 1984 WL 49793, *2.

Substantial evidence, taken in large part from Plaintiff's own testimony, supports the ALJ's conclusion that a partnership existed. Plaintiff stated that she worked "with [her] husband in the store for four years, five days a week, side by side," in concurring with decedent's former wife's testimony that "in fact, both [decedent] and [Plaintiff] worked the

business. And so if you really want to get down to a part of that income off that business is [Plaintiff's] as a wager" (Tr. 379-380). Plaintiff acknowledged further that she prepared bank deposits, ordered supplies, cleaned, and worked at the cash register (Tr. 398). Decedent's natural daughter testified that Plaintiff "was in charge" of one of the two retail stores, indicating further that after decedent sought work in Florida, Plaintiff continued to operate the Michigan business (Tr. 447). Despite her significant contributions to the business, Plaintiff testified that she was never paid for her services. The ALJ reasonably found that the fact that she did not receive earnings/wages as a partner or employee was attributable to the fact that such an acknowledgment would put her income from Supplemental Security Income ("SSI") at risk (Tr. 46).

I also disagree with Plaintiff's contention that the ALJ performed an inadequate discussion of SSR 84-11 on the basis that he cited only one of the four cases contained in the Ruling. The Ruling does not require the adjudicator to find the presence of the factors found in all four cases, stating instead that the cases should "provide guidance" in determining the presence of a partnership. *Id*. at *2. The ALJ permissively selected the case he found most analogous to the present facts, noting that as in *Nickerson v. Ribicoff,* 206 F. Supp. 232 (D. Mass. 1962), "there was a community of interest in the business profits and/or losses, that the wife was an important contributor to the success of the business, and that the wife's contributions reflected the intent of the spouses to conduct a bona fide partnership" *Id.*[4] (Tr.

---

[4]Plaintiff maintains that her situation is analogous to *Parrish v. Halpin,* 58-2 USTC par 9812 (S.D. Iowa, 1958), in which the court found the absence of a partnership. However,

45).

Substantial evidence, found throughout the record, supports the administrative decision. The ALJ's determination that Plaintiff contributed more than half of the family's income is likewise supported by the alternative finding that Plaintiff's contribution as an unpaid employee along with other income sources (such as SSI and contributions by the children's natural father) eclipsed her husband's earnings. Based on a careful reading of this record, the ALJ's decision is within the "zone of choice" accorded to the fact-finder at the administrative level. Pursuant to *Mullen v. Bowen*, *supra*, the ALJ's decision should not be disturbed by this Court.

## IV. CONCLUSION

For the reasons stated above, I recommend that Defendant's Motion for Summary Judgment be GRANTED, and that Plaintiff's Motion for Summary Judgment be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with

---

SSR 84-11 notes that in *Parrish,* unlike the present case, "[t]he partnership made no real change in the management or control of the business. The wife did not render any services in the business." SSR 84-11 at *4.

specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: May 9, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 9, 2007.

S/Gina Wilson<br>
Judicial Assistant