**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TAMMY RANG, FOR HERSELF & O/B/O
C.A., a minor, and AMANDA AUSTIN,
MINORS,

        Plaintiff,                         CASE NO. 06-10236

v.                                         HON. MARIANNE O. BATTANI

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant,

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND ADOPTING REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

Plaintiff Tammy Rang, for herself and on behalf of her minor children, C.A. and Amanda Austin, brings this action pursuant to 42 U.S.C. § 405(g), challenging a final decision of Defendant Commissioner denying her application for Mother's Insurance Benefits ("MIB") and Child's Insurance Benefits ("CIB"). Plaintiff's claims for MIB and CIB are based on the wage-earning records of Rickey Rang ("decedent"), her deceased husband and her daughters' stepfather.

Rickey Rang died on December 3, 2000. On September 6, 2001, Plaintiff filed applications for MIB on behalf of herself, and CIB on behalf of her daughters. These claims were denied, and Plaintiff requested a hearing challenging this denial. Administrative Law Judge Bennet S. Engelman ("ALJ") presided over the July 30, 2003 hearing and found that the decedent did not provide at least one-half of the dependent children's support for the one-year

period prior to his death, as required by 20 C.F.R. § 404.354 and 20 C.F.R. § 404.357. Consequently, Plaintiff's children were not entitled to CIB.

Plaintiff requested review of this decision by the Appeals Council. The Appeals Council found that because the decedent had filed for bankruptcy in July 2000, the one-year support period required for CIB benefits may be shortened to as few as three months, provided the decedent ceased or reduced contribution to the children's support due to external circumstances. The Appeals Council vacated and remanded the ALJ's decision on March 13, 2004, on this basis.

ALJ Engelman issued a second opinion on February 10, 2005, denying benefits. The ALJ found that the one-year period was the appropriate standard to calculate the decedent's contribution to the children's support because the decedent retained some semblance of employment until one month prior to his death. Additionally, the ALJ determined that a *de facto* partnership existed between Plaintiff and the decedent and attributed one-half of the decedent's annual income to Plaintiff. This finding increased Plaintiff's support to the household, while diminishing the decedent's contribution to less than the one-half required for benefit eligibility.

Plaintiff's counsel asked ALJ Engelman to reconsider this decision on March 2, 2005. Counsel claimed that the decision failed to take into account that benefits could be granted because the children were living with the decedent at the time of his death. On April 9, 2005, the ALJ issued a supplemental decision, holding that the children did not live with the decedent at the time of his death and that Plaintiff's counsel had waived this issue.

The Appeals Council denied review on November 16, 2005. On January 18, 2006, Plaintiff filed this action for judicial review and the case was referred to Magistrate Judge R.

Steven Whelan, pursuant to 28 U.S.C. § 636. In his Report and Recommendation, Magistrate Judge Whelan recommended that the Plaintiff's Motion for Summary Judgment be denied and that the Defendant's Motion for Summary Judgment be granted.

Plaintiff timely filed objections to the Report and Recommendation. For the reasons stated below, the Court adopts the Magistrate Judge's recommendation and rejects Plaintiff's objections.

## II. STANDARD OF REVIEW

When a party files objections to a Report and Recommendation, the court conducts a de novo review of the party's objections. 28 U.S.C. § 636(b)(1). This review determines whether the Commissioner's conclusion is supported by substantial evidence and whether the proper legal standard was employed in reaching this final decision. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). A decision by the Commissioner that is supported by substantial evidence is irreversible, even if the reviewing court may have determined a different conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The court must consider the entire record when reviewing the Commissioner's decision and "take into account whatever in the record fairly detracts from its weight." Mullen, 800 F.2d at 545. Where the Appeals Council has denied review of the ALJ's decision, the court's review of the administrative record is limited to the evidence and record that was before the ALJ. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). This evidence, however, is not weighed or judged for

credibility in the court's review.  Brainard, 889 F.2d at 681.  The reviewing court gives deference to all determinations of credibility made by the ALJ.  Mullen, 800 F.2d at 545.

## III. ANALYSIS

Plaintiff objects to the Magistrate Judge's Report and Recommendation on two grounds.  First, Plaintiff asserts that the ALJ's applied the wrong standard.  Second, Plaintiff contends the evidence does not support the existence of a *de facto* partnership between Plaintiff and the decedent.

### A. Application of a twelve-month support period

The ALJ found that in order for Plaintiff's children to be eligible for CIB, the decedent must have provided at least half of his stepdaughters' support in the twelve-month period prior to his death.  Plaintiff challenges this determination, advocating a three-month period as the appropriate time frame for measuring the decedent's support to the children and maintaining that the ALJ should have considered the decedent's July 2000 bankruptcy, which would have allowed for the application of a truncated support period.  Section 404.366(b)(2) provides that a shorter support period may be considered when "[t]he insured provided one-half or more of [dependent's] support for at least 3 months of the 12-month period, but was forced to stop or reduce contributions because of contributions beyond his or her control . . . and no one else took over the responsibility for providing at least one-half of [dependent's] support on a permanent basis."  20 C.F.R § 404.366(b)(2).  Because the decedent filed for bankruptcy, Plaintiff argues that the ALJ should have applied a shorter period for the one-half support standard when evaluating whether Plaintiff's children were eligible for CIB.

4

The Court finds substantial evidence supports the ALJ's use of a twelve-month support period. Although the decedent filed for bankruptcy in July 2000, his business remained open until November 2000, and he "maintained employment in some capacity" through that time. Tr. at 45. The decedent also earned $2198.95 in additional income from September 2000 to November 2000. Id. Further, Plaintiff testified that the decedent worked up "until the day he died." Tr. at 385.

The record contains no evidence indicating that the decedent's bankruptcy adversely affected his income to the extent that he was forced to cease or reduce his contribution to his stepdaughters' support. Moreover, Plaintiff testified that the decedent "earned considerably less money in '99 than 2000," evidence that despite the bankruptcy action, the decedent earned a greater income in 2000, than in 1999. Tr. at 379. In sum, the ALJ's decision to apply a twelve-month support period is corroborated by substantial evidence, including Plaintiff's own testimony.

### B. Existence of a de facto partnership

The ALJ found that the record supported the existence of a *de facto* business partnership between the decedent and Plaintiff, and given its existence, half of the decedent's income for the 12-month period prior to his death could be attributed to Plaintiff. Tr. at 47. In addition, Plaintiff's own earnings for 2000 were considerably greater than those of the decedent, and Plaintiff "actually provided significantly more than half of the support for the household in 2000." Id.

A *de facto* partnership between spouses exists, pursuant to SSR 84-11, if "the parties in good faith and acting with a business purpose intend to join together in the present conduct of

5

the enterprise." Whether the parties have entered into a partnership can only be determined through "a close scrutiny of their actions in carrying on the business." Id.

Plaintiff argues that the ALJ failed to consider whether the parties intended to form a partnership, and without evidence of this requisite intent, no partnership existed between Plaintiff and the decedent. Plaintiff also contends that the analysis fails because the ALJ discussed only one of the four cases cited in SSR 84-11. The Court finds these arguments lack merit.

### 1. Intent

The ALJ's ruling that a *de facto* partnership existed between Plaintiff and the decedent is supported by substantial evidence in the record. The decedent's former wife testified that Plaintiff "worked the store and opened and closed it and did the banking." Tr. 379. Plaintiff testified that she "worked with [her] husband in the store for four years, five days a week, side-by-side." Tr. 380. Although Plaintiff argues that her presence at the store was to "take care of [the decedent] and help him," she also testified to working 40 hours a week at the business, where her duties included cleaning the store, running the cash register, ordering supplies, and making deposits at the bank. Tr. 409, 398-399. These various responsibilities Plaintiff undertook evidence her important role within the enterprise and her major contribution to the business.

Plaintiff testified that at no time did she receive compensation for the work she performed. The ALJ did not find this fact dispositive, noting that any earnings documented by Plaintiff "would directly impact her continued eligibility to receive SSI payments and Medicaid." Tr. 46. Substantial evidence supports his conclusion that Plaintiff and the decedent

6

were involved in a partnership, with Plaintiff making "a substantial contribution to the overall enterprise." Id.

### 2. Application of Caselaw

Plaintiff contends that this Court should remand this matter because only one of the four cases cited in SSR 84-11 was discussed by the ALJ. This argument fails to persuade the Court that a remand is warranted.

The applicable regulation, SSR 84-11, states that the four cases cited "provide guidance on how to recognize the existence of husband and wife partnerships." Id. at *2. The ALJ is not required to make analogies to any or all of the cited cases. The ALJ merely chose a cited case, Nickerson v. Ribicoff, 206 F. Supp. 232 (D. Mass. 1962), which he found most closely mirrored the facts of the instant case. In Nickerson, the court found that "the wife's contributions reflected the intent of the spouses to conduct a bona fide partnership." Tr. 45. The ALJ concluded that this holding supported his finding that Plaintiff's major contributions to the fitness of the business enterprise was evidence of a *de facto* partnership between her and the decedent.

The evidence contains substantial evidence to support the decision reached by the ALJ that Plaintiff's application for CIB and MIB benefits must be denied.

## IV. CONCLUSION

For the reasons state above, the Court **ADOPTS** the Magistrate Judge's recommendation. Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**

                                                s/Marianne O. Battani
                                                HON. MARIANNE O. BATTANI
                                                UNITED STATES DISTRICT JUDGE

Dated: June 29, 2007

**CERTIFICATE OF SERVICE**

A Copy of this Order was e-filed and/or mailed to counsel of record on this date.

                                                s/Bernadette M. Thebolt
                                                    Deputy Clerk